IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| OAK STREET LOGISTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OAK STREET LOGISTICS, LLC,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff Oak Street Logistics, Inc. ("*Oak Street*"), by and through its undersigned attorneys, for its Complaint against Defendant Oak Street Logistics, LLC, states and alleges as follows:

## NATURE OF THE CASE

1. This is an action to cease Defendant's unauthorized and unlawful use of the service mark OAK STREET LOGISTICS for freight brokerage services in violation of Oak Street's service mark rights.

2. Oak Street seeks injunctive and monetary relief for injuries that have been, and will continue to be, caused by Defendant's infringement of Oak Street's OAK STREET LOGISTICS mark.

## THE PARTIES

3. Oak Street is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business at 1409 South Main Street, Monticello, Iowa 52310.

4. Upon information and belief, Defendant is a limited liability company existing under the laws of the State of Missouri, located and doing business at 5407 Charlotte Street, Kansas City, Missouri 64110.

## JURISDICTION & VENUE

5. This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, *et seq*. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) and 15 U.S.C. § 1121(a).

6. This Court has supplemental jurisdiction over Oak Street's state law claims under 28 U.S.C. § 1367(a). These claims are so related to the other claims in this case, over which this Court has original jurisdiction, that they form a part of the same case or controversy under Article III of the United States Constitution.

7. Defendant is subject to this Court's personal jurisdiction in that it: (1) is organized under the laws of the State of Missouri; (2) operates its principal place of business within the State of Missouri and this District; (3) transacts business within the State of Missouri and this District; (4) contracts to supply goods or services within the State of Missouri and this District; and (5) has committed the tortious acts specified herein within the State of Missouri and this District.

8. Venue is proper under 28 U.S.C. § 1391(b) and (c) because the claims alleged in the Complaint arose, in part, in this District, and because the Court has personal jurisdiction over Defendant in this District.

## FACTS COMMON TO ALL COUNTS

A. **Oak Street & Its OAK STREET LOGISTICS Mark**

9. Oak Street is a nationally known and leading provider of freight transportation and logistics services in the United States and Canada.

10. Oak Street has continuously used the OAK STREET LOGISTICS mark throughout the United States for more than 20 years in connection with its high-quality freight transportation and logistics services.

11. Attached collectively as **Exhibit A** and incorporated herein by reference are true and correct copies of screenshots from Oak Street's website at https://www.oakstreetlogistics.com constituting representative samples showing Oak Street's use of the OAK STREET LOGISTICS mark in connection with these freight transportation and logistics services.

12. As a result of its widespread and continuous use of the OAK STREET LOGISTICS mark to identify its freight transportation and logistics services and Oak Street as their source, Oak Street owns valid and subsisting common law rights to the OAK STREET LOGISTICS mark.

13. Oak Street's OAK STREET LOGISTICS mark is distinctive to both the relevant consuming public and trade.

14. As a result of Oak Street's long-term use and substantial investments of money, time, and effort in marketing, advertising, promoting, and rendering its freight transportation and logistics services under the OAK STREET LOGISTICS mark, the OAK STREET LOGISTICS mark has come to signify the high quality of the freight transportation and logistics services designated by the mark, and the OAK STREET LOGISTICS mark has developed significant goodwill and consumer recognition.

**B. Defendant & Its Infringing Activities**

15. Upon information and belief, Defendant is a freight brokerage services company founded in the State of Missouri in 2023.

16. Defendant uses the designation OAK STREET LOGISTICS as a mark for its freight transportation and logistics services.

17. Attached collectively as **Exhibit B** and incorporated herein by reference are true and correct copies of screenshots from Defendant's website at https://www.oakstreet-

logistics.net describing and depicting various uses of OAK STREET LOGISTICS for its freight transportation and logistics services.

18. Defendant markets and promotes its freight transportation and logistics services under the OAK STREET LOGISTICS mark on and through various platforms and channels, including on social media.

19. Attached as **Exhibit C** and incorporated herein by reference is a true and correct screenshot from Defendant's LinkedIn page at https://www.linkedin.com/company/oak-street-logistics-llc/ comprised of Defendant's social media posts using OAK STREET LOGISTICS as a mark to feature and promote its freight transportation and logistics services.

20. Since at least August 2025, Oak Street has contacted Defendant regarding instances of actual consumer confusion, including, but not limited to: (1) multiple misdirected communications to Oak Street and Defendant from factoring companies; and (2) negative online reviews against Oak Street by consumers who actually did business with Defendant and not Oak Street.

21. Despite Oak Street's efforts to raise and address this matter with Defendant, Defendant has failed to take any action to alleviate Oak Street's concerns or mitigate any existing or future actual instances of confusion.

22. On September 3, 2025, Oak Street's counsel sent Defendant a cease-and-desist letter stating that its use of the OAK STREET LOGISTICS mark conflicts with Oak Street's rights in and to the OAK STREET LOGISTICS mark and requesting Defendant cease use of the OAK STREET LOGISTICS mark. A true and correct copy of the September 3, 2025, cease and desist letter is attached as **Exhibit D** and incorporated herein by reference.

23. Oak Street's counsel communicated on multiple occasions with Defendant's counsel, since at least as early as September 12, 2025.

24. Nonetheless, as of the date of this filing, the parties have been unable to reach a resolution of this dispute.

25. As of the filing of this Complaint, Defendant has refused to cease and desist from its use of the OAK STREET LOGISTICS mark.

26. Defendant's continued infringement of the OAK STREET LOGISTICS mark is willful.

27. Defendant's OAK STREET LOGISTICS mark is confusingly similar to Oak Street's OAK STREET LOGISTICS mark because Defendant's OAK STREET LOGISTICS mark is identical in sight, sound, and meaning to Oak Street's OAK STREET LOGISTICS mark.

28. The services marketed and provided by Defendant under the OAK STREET LOGISTICS mark are identical, or closely related to, the services Oak Street provides under the OAK STREET LOGISTICS mark such that the parties are in direct competition and, therefore, are likely to create confusion among consumers regarding whether Defendant's services come from the same source or are somehow connected with or sponsored by Oak Street.

29. Upon information and belief, the services provided by Defendant under the OAK STREET LOGISTICS mark and the services provided by Oak Street under the OAK STREET LOGISTICS mark are or are likely to be marketed, advertised, and/or promoted in the same marketing channels.

30. Upon information and belief, the services marketed and provided by Defendant under the OAK STREET LOGISTICS mark and the services provided by Oak Street under the OAK STREET LOGISTICS mark are directed to the same classes or types of consumers.

5

31. Through extensive use and promotion, Oak Street's OAK STREET LOGISTICS mark has become distinctive within the meaning of Mo. Rev. Stat. § 417.061 and became distinctive well before any priority date on which Defendant may rely.

32. Upon information and belief, Defendant selected and adopted its OAK STREET LOGISTICS mark in an effort to take advantage of and profit improperly from the reputation, goodwill, and positive associations of Oak Street's OAK STREET LOGISTICS mark.

33. Oak Street has not authorized the use of the OAK STREET LOGISTICS mark, or any portion thereof, by Defendant in any manner. Oak Street continues to be harmed by Defendant's unauthorized use of the OAK STREET LOGISTICS mark.

34. Defendant's conduct has causes and will continue to cause irreparable injury to Oak Street's goodwill and reputation, for which Oak Street has no adequate remedy at law.

## COUNT I
### Federal Trademark Infringement & Unfair Competition – 15 U.S.C. § 1125(a)

35. Oak Street incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

36. Because of Oak Street's significant use and promotion of the OAK STREET LOGISTICS mark in connection with freight transportation and logistics services, consumers associate and recognize the OAK STREET LOGISTICS mark as a source identifier for those services, and, therefore, the OAK STREET LOGISTICS mark is protectable at common law.

37. Oak Street owns and enjoys common law rights in and to the OAK STREET LOGISTICS mark, which rights are superior to any rights Defendant may claim with respect to the OAK STREET LOGISTICS mark.

38. The OAK STREET LOGISTICS mark is distinctive and is associated with Oak Street in the minds of consumers.

39. Defendant's unauthorized use of the OAK STREET LOGISTICS mark in connection with freight transportation and logistics services is likely to cause confusion and, upon information and belief, has caused confusion as to the source, sponsorship, or approval of such services in that consumers and others will be likely to mistakenly associate such services as originating from Oak Street, or as being provided with the approval of or endorsement by Oak Street, all to the detriment of Oak Street. Such actions constitute trademark infringement and unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40. By reason of Defendant's actions alleged herein, Oak Street has suffered, and will continue to suffer, irreparable injury to its rights and substantial loss of goodwill and value in its OAK STREET LOGISTICS mark unless and until Defendant is enjoined from continuing its wrongful acts.

41. As a result of Defendant's acts of trademark infringement and unfair competition, Oak Street has suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT II
### Trademark Infringement & Unfair Competition – Missouri Common Law

42. Oak Street incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

43. Because of Oak Street's significant use and promotion of the OAK STREET LOGISTICS mark in connection with freight transportation and logistics services, consumers associate and recognize the OAK STREET LOGISTICS mark as a source identifier for those services, and, therefore, the OAK STREET LOGISTICS mark is protectable at common law.

44. Oak Street owns and enjoys common law rights in and to the OAK STREET LOGISTICS mark, which rights are superior to any rights Defendant may claim with respect to the mark.

45. The OAK STREET LOGISTICS mark is distinctive and is associated with Oak Street in the minds of consumers.

46. Defendant's unauthorized use of the OAK STREET LOGISTICS mark in connection with freight transportation and logistics services is likely to cause confusion and, upon information and belief, has caused confusion as to the source, sponsorship, or approval of such services in that consumers and others will be likely to mistakenly associate such services as originating from Oak Street, or as being provided with the approval of or endorsement by Oak Street, all to the detriment of Oak Street. Such actions constitute trademark infringement and unfair competition at common law.

47. By reason of Defendant's actions alleged herein, Oak Street has suffered, and will continue to suffer, irreparable injury to its rights and substantial loss of goodwill and value in its OAK STREET LOGISTICS mark unless and until Defendant is enjoined from continuing its wrongful acts.

48. As a result of Defendant's acts of trademark infringement and unfair competition, Oak Street has suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT III
### Trademark Dilution – Missouri Revised Statutes § 417.061(1)

49. Oak Street incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

50. Because of Oak Street's significant use and promotion of the OAK STREET LOGISTICS mark in connection with freight transportation and logistics services, consumers associate and recognize the mark as a source identifier for those services, and, therefore, the OAK STREET LOGISTICS mark is protectable at common law.

51. Oak Street owns and enjoys common law rights in and to the OAK STREET LOGISTICS mark, which rights are superior to any rights Defendant may claim with respect to the OAK STREET LOGISTICS mark.

52. The OAK STREET LOGISTICS mark is distinctive and is associated with Oak Street in the minds of consumers.

53. Defendant's marketing, advertising, promoting, and providing of freight transportation and logistics services under the OAK STREET LOGISTICS mark, after Oak Street's OAK STREET LOGISTICS mark became distinctive, is likely to cause injury to Oak Street's business reputation or dilute the distinctive quality of the OAK STREET LOGISTICS mark.

54. By reason of Defendant's actions alleged herein, Defendant has caused and is causing injury to Oak Street's business reputation or dilute the distinctive quality of the OAK STREET LOGISTICS mark by lessening the capacity of the distinctive quality of the mark to identify and distinguish Oak Street's services from those of Defendant's, and by tarnishing the reputation, goodwill, and positive associations of the OAK STREET LOGISTICS mark with Oak Street in violation of Missouri Revised Statutes § 417.061(1).

55. By reason of Defendant's actions alleged herein, Oak Street has suffered, and will continue to suffer, irreparable injury to her rights and substantial loss of goodwill and value in its

OAK STREET LOGISTICS mark unless and until Defendant is enjoined from continuing its wrongful acts.

56. As a result of Defendant's acts of trademark dilution, Oak Street has suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable but will be established at trial.

## COUNT IV
### Deceptive Trade Practices – Missouri Revised Statutes § 407.020

57. Oak Street incorporates by reference each and every allegation contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

58. As described herein, through the course of its business in marketing, advertising, promoting, and providing freight transportation and logistics services under the OAK STREET LOGISTICS mark, Defendant is causing a likelihood of confusion, mistake, or deception as to the source of its services and falsely suggesting such freight transportation and logistics services are sponsored or approved by Oak Street. Defendant has therefore engaged in unfair competition and deceptive trade practices in violation of Missouri Revised Statutes § 407.020.

59. Defendant's conduct has been deliberate and willful and has been committed with the intent to cause confusion and misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services.

60. Defendant's conduct has been deliberate and willful and has been committed with the intent to cause confusion and misunderstanding as to the affiliation, connection, or association with Oak Street.

61. Defendant will continue its acts of deceptive trade practices, causing irreparable injury to Oak Street, unless such activities are enjoined by this Court.

62. As a direct and proximate result of Defendant's unlawful activities, Oak Street has suffered and will continue to suffer monetary damages in an amount that is not presently ascertainable, but will be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Oak Street respectfully demands judgment finding that Defendant is infringing and diluting Oak Street's trademark rights, competing unfairly with Oak Street, and engaging in deceptive trade practices, and that Defendant's actions are deliberate, intentional, and willful violations of Oak Street's rights in and to its trademark, and ordering:

A. That Defendant, its officers, directors, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert with it, be enjoined preliminarily and permanently from:

(i) using the OAK STREET LOGISTICS mark, or any other mark or designation that is a colorable imitation of, or is confusingly similar to, Oak Street's OAK STREET LOGISTICS mark, in connection with the advertising, marketing, offering for sale, sale, or rendering of any freight transportation and logistics services without express authorization by Oak Street;

(ii) representing in any manner or by any method whatsoever, that goods, services or other products provided by Defendant are sponsored, approved, authorized by, or originate from Oak Street or otherwise taking any action likely to cause confusion, mistake, or deception as to the origin, approval, sponsorship, or certification of such goods or services;

(iii) infringing and/or diluting the OAK STREET LOGISTICS mark; and

(iv) competing unfairly with Oak Street in any manner.

11

B. That Defendant be required to deliver up to Oak Street for destruction all signs, prints, banners, posters, brochures, literature, catalogs, or other advertising, marketing, or promotional materials and the like bearing or distributed under the OAK STREET LOGISTICS mark, or any confusingly similar variations thereof;

C. That Defendant, within 30 days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Oak Street's attorneys a written report under oath setting forth in detail the manner in which Defendant has complied with the injunctive relief ordered;

D. That Defendant be required to engage in corrective advertising with all distributors, vendors, sales representatives, and account managers that received signs, prints, banners, posters, brochures, literature, catalogs, or other advertising, marketing, or promotional materials comprised of or bearing the OAK STREET LOGISTICS mark, to mitigate the damage done to Oak Street's reputation and to the distinctive quality of the OAK STREET LOGISTICS mark, including the harm to the goodwill associated with the OAK STREET LOGISTICS mark, from Defendant's unlawful conduct;

E. That Defendant be required to account for and pay over to Oak Street the profits received and the cumulative damages sustained by Oak Street by reason of Defendant's unlawful acts of trademark infringement, unfair competition, trademark dilution, and deceptive trade practices herein alleged, that the amount of recovery be increased as provided by law, up to three times, and that interest and costs be awarded to Oak Street;

F. That Oak Street be awarded restitution and/or disgorgement of Defendant's profits;

G. That Oak Street be awarded its reasonable costs and attorneys' fees;

H. That Oak Street be awarded punitive damages; and

I. That Oak Street be awarded such other and further relief as the Court may deem equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Oak Street hereby demands a trial by jury on all issues so triable in this action.

Dated: February 11, 2026

Respectfully submitted,

DYSART TAYLOR McMONIGLE
BRUMITT & WILCOX, P.C.

By */s/ John F. Wilcox, Jr.*
John F. Wilcox, Jr.           MoBar#46997
Meghan A. Litecky             MoBar#58656
700 West 47th Street, Suite 410
Kansas City, Missouri 64112
(816) 931-2700 Fax: (816) 931-7377
*jwilcox@dysarttaylor.com*
*mlitecky@dysarttaylor.com*

BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP
Angela R. Gott (0082198) (*pro hac vice* forthcoming)
agott@beneschlaw.com
Eric L. Zalud (0038959) (*pro hac vice* forthcoming)
ezalud@beneschlaw.com
Megan C. Parker (0103645) (*pro hac vice* forthcoming)
mparker@beneschlaw.com
127 Public Square, Suite 4900
Cleveland, OH 44114
(216) 363-4671 (telephone)
(216) 363-4588 (facsimile)

*Attorneys for Plaintiff
Oak Street Logistics, Inc.*